# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re:

Yvonne Hill

Debtor(s)

Chapter: 13
Case Number: 5-13-05368

## CERTIFICATE OF MAILING

The undersigned employee in the office of:

Tullio DeLuca, Esquire

hereby certifies that a copy of the attached Notice and Debtor's Second Amended Plan was mailed today to all parties named on the mailing list attached hereto by regular first class mail.

DATED: August 24, 2016

SIGNED: *Evelyn Lazo*

TITLE: Secretary

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
*******************************************************************

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| YVONNE HILL | : | |
| | : | CASE NO. 5-13-05368 |
| Debtor(s) | : | |

*******************************************************************
## NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST
*******************************************************************

NOTICE OF OPPORTUNITY TO OBJECT AND HEARING: Pursuant to Local Rule 2002-1(a), the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection/response on or before September 17, 2016. If you object to the relief requested, you must file your objection/response with the Clerk of Court and serve a copy on the movant and movant's attorney, if one is designated.

If you file an serve an objection/response within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will deem the motion unopposed and proceed to consider the motion without further notice or hearing, and may grant the relief requested.

**Address of the Bankruptcy Clerk's Office:**
U.S. Bankruptcy Court
274 Max Rosenn U.S. Courthouse
197 South Main Street
Wilkes-Barre, PA 18701
570-831-2500

Hours Open: Monday - Friday 9:00 AM to 4:00 PM

DATE: August 24, 2016                        Tullio DeLuca, Esquire
                                             PA ID# 59887
                                             Attorney for Debtors/Movants
                                             381 N. 9th Street
                                             Scranton, PA 18504

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| YVONNE HILL | : |
| | : CASE NO. 5-13-05368 |
| Debtor(s) | : |
| | : (Indicate if applicable) |
| | :( ) # MOTION(S) TO AVOID LIENS |
| | :( )# MOTION(S) TO VALUE COLLATERAL |
| | :( )ORIGINAL PLAN |
| | :( x ) SECOND AMENDED PLAN |
| | :(Indicate 1st, 2nd, 3rd, etc) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

## PLAN PROVISIONS

**DISCHARGE: (Check one)**

( x ) the Debtor will seek a discharge of debts pursuant to Section 1328(a).

( ) the Debtor is not eligible for a discharge of debts because the Debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS: (Check if applicable)**

( x ) this plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this Plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in section 8.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. <u>Plan payments:</u>

    1. To date, the Debtor(s) has paid $9,610.00 (enter $0 if no payments have been

made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $27,914.00, plus other payments and property stated in Paragraph B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 11/13 | 08/16 | $200.00 | | $ 9,610.00 |
| 09/16 | 10/18 | $704.00 | | $18,304.00 |
| | | | | $27,914.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to confirm to the terms of the plan.

4. CHECK ONE:     ( x) Debtor(s) is at or under median income
                                   ( ) Debtor(s) is over median income. Debtor(s) calculates that a minimum of $0.00 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

B. Liquidation of Assets

1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as
_____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
_____

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:
N/A

3. The Debtor estimates that the liquidation value of this estate is $ _0.00_ (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of the Trustee fees and priority claims.

2. **SECURED CLAIMS**

   A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes o the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

   B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| PennyMac Holdings, LLC, v/k/a PennyMac Investment Trust Holdings I, LLC, by PennyMac Loan Services, LLC, Its Servicing Agent | 4030 Hunter Drive Pocono Sunmit, PA 18346 | $1,762.00 | $260,000.00 |

| Credit Acceptance Corp.<br>P.O. Box 513<br>Southfield, MI 48037<br>Acct#7515 | 2005 Jeep Cherokee Laredo | $411.00 | $13,450.00 |

C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor of the Trustee objects to a Proof of Claim and the Objection is sustained, or if the plan provides for payment of amounts greater that the allowed Proof of Claim, the creditor's claim will be paid in the amount allowed by the Court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-Petition arrears to be cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PennyMac Holdings, LLC, v/k/a PennyMac Investment Trust Holdings I, LLC, by PennyMac Loan Services, LLC, Its Servicing Agent | 4030 Hunter Drive Pocono Summit, PA 18346 | $0.00 | None | $0.00 Debtor was approved for a loan modification/loan assumption |
|  |  |  |  |  |

D. <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| HSBC Mortgage Services | 4030 Hunter Drive Pocono Summit, PA 18346 | None | N/A | None | Adversary |

Case 5:13-bk-05368-RNO    Doc 115    Filed 08/25/16    Entered 08/25/16 09:28:54    Desc
Main Document    Page 6 of 13

*"PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

E. <u>Other Secured Claims</u>. (Including conduit payments)

| Name of Creditor | Description of collateral | Principal balance of Claim | Interest Rate | Total to be paid in the plan |
|---|---|---|---|---|
| Stillwater Lakes Civic Assoc. | 4030 Hunter Drive Pocono Summit, PA 18346 | $9,829.20 | N/A | $9,829.20 |
| | | | | |

F. <u>Surrender of Collateral</u>: Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of collateral to be Surrendered |
|---|---|
| | |
| | |

G. <u>Lien Avoidance</u>. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of collateral |
|---|---|
| | |

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers.</u>
**Property of the estate vests upon closing of the case, and Debtor elects to**

include the following provision (Check if applicable)

( X ) Confirmation of the Plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed" proof of claim and shall have a "0" balance after both: (1) the Discharge Order in this case has been entered; and (2) payment in full of the allowed proof of claim has been made.

(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. PRIORITY CLAIMS

A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under paragraph 8:

| Name of Creditor | Estimated Total Payment |
| --- | --- |
| PA Dept. OfRevenue | $5,675.87 |
| Internal Revenue Service | $7,546.81 |

B. <u>Administrative Claims:</u>

(1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2) Attorney fees. In addition to the retainer of $ 1,000.00. Already paid by the Debtor, the amount of $3,000.00 in the plan. Any amount exceeding the district's no-look fee will not be paid until a fee

application for the requested amount is approved by the Court.

(3) Other administrative claims:

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

4. UNSECURED CLAIMS

   A. <u>Claims of Unsecured nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   B. <u>Claims of General Unsecured Creditors</u>. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

6. REVESTING OF PROPERTY: (Check One)

( ) Property of the estate will vest in the Debtor upon confirmation.(Not to be used with paragraph 2H)

( x ) Property of the estate will vest in the Debtor upon closing of the case.

7. STUDENT LOAN PROVISIONS

A. <u>Student loan provisions</u>. This plan does not seek to discharge student loan(s) except as follows: (NOTE: If you are not seeking to discharge a student loan(s), do not complete this section:

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| | | | | |

8. Other Plan Provisions

A. Include the additional provisions below or on an attachment. (NOTE: The Plan and any attachment must be filed as one document, not as a plan and exhibit.)

The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:

| | |
|---|---|
| Chapter 13 Trustee | $ 1,465.00(est.) |
| Tullio DeLuca, Esq., | $ 3,000.00 |
| Stillwater Lakes Civic Assoc. | $ 9,829.20 (allowed secured claim) |
| Pa Dept. Of Revenue | $ 5,675.87 (priority claim) |
| Internal Revenue Service | $ 7,546.81 (priority claim) |
| Unsecured creditors (pro-rata) | $ 397.12 |
| Total: | $ 27,914.00 |

The Chapter 13 Trustee payment shall be made to the following address:

CHARLES J. DEHART, III, ESQ.
P.O. BOX 7005
LANCASTER, PA 17604

9. ORDER OF DISTRIBUTION:

Payments from the plan will me made by the trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be

determined by the Trustee using the following as a guide:

Level 1:   Adequate protection payments.
Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
Level 4:   Secured claims, pro rata.
Level 5:   Priority claims, pro rata.
Level 6:   Specially classified unsecured claims.
Level 7:   General unsecured claims.
Level 8:   Untimely filed unsecured claims to which the Debtor has not objected.

## GENERAL PRINCIPLES APPLICABLE TO ALL PLANS

All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.


Dated __August 23, 2016__          /s/Tullio DeLuca
                                   **Attorney for Debtor**

Altair OH XIII LLC
c/o Weinstein Pinson And Riley PS
2001 Western Ave. Ste 400
Seattle, WA 98121-3132

AT&T Mobility
1801 Valley View Lane
Dallas, TX 75234-8906

Collecto US Asset Management InC
c/o Jefferson Capital Systems
PO BOX 7999
Saint Cloud MN56302-7999

Capital One
P.O. Box 30285
Salt Lake City, UT 34130

Capital ONE Bank
PO BOX 71083
Charlotte, NC 28272-1083

Chase
P.O. Box 15298
Wilmington, DE 19850

Cortrust Bank
P.O. Box 7030
Mitchell, SD 57301-7030

Credit Acceptance
25505 West Twelve Mile Rd.
Suite 3000
Southfield MI 48034-8331

Credit Acceptance Corp.
P.O. Box 513
Southfield, MI 48037

Jacqueline F McNally
Stern & Eisenberg, PC
1581 Main Street, Suite 200
Warrington, PA 18976-3400

EOS CCA
700 Longwater Drive
Norwell, MA 02061

First Premier Bank
P.O. Box 5524
Sioux Falls, SD 57117-5524

Joshua I Goldman
KML Law Group PC
701 Market St
Suite 5000
Philadelphia, PA 19106-1541

HSBC Mortgage Services
636 Grand Regency Blvd.
Brandon, FL 33510

Joseph P. Schalk
Phelan Hallinan LLC
1617 JFK Blvd., Suite 1400
One Penn Center at Suburban Station
Philadelphia PA 19103-1814

George Robert Hludzik
Hludzik Law Office PC
1620 North Church Street, Suite 1
Hazleton, PA 18202-9509

Internal Revenue Service
Special Procedures Branch
P.O. Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
Bankruptcy Dept.
3415 Vision Dr.
Dept. OH4-7142
Columbus, OH 43219

JP Morgan Chase Bank Assoc.
Chase Records Center
Attn: Correspondence Dept.
Mail Code LA4-5555
700 Kansas Ln
Monroe, LA 71203-4774

NCO Financial
P.O. Box 15636
Wilmington, DE 19850

NCO Financial Systems
507 Prudential Rd.
Horsham, PA 19044

PA Dept. of Revenue
Bankruptcy Division
Dept. 280946
Harrisburg, PA 17128-0496

PENNYMAC Holdings LLC
PennyMac Loan Services LLC
PO BOX 660929
Dallas TX 75266-0929

PennyMac Loan Services Llc
c/o Aldridge Connors LLP
15 Piedmont Center
3575 Piedmont Rd, NE Suite 500
Atlanta GA 30305-1636

William E. Craig
Morton & Craig LLC
110 Marter Avenue, Suite 301
Moorestown, NJ 08057-3125

Pocono Emergency Physicians
P.O. Box 8510
Philadelphia, PA 19101

Premier Bankcard Charter
PO BOX 2208
Vacaville, CA 95696-8208

William Edward Miller
Stern & Eisenberg PC
1581 Main St Suite 200
Warrington PA 18976-3400

Seventh Avenue
1112 7th Avenue
Monroe, WI 53566

Stillwater Lakes Civic Assoc
c/o Appletree Mgmt. Group,
P.O. Box 866
Moscow, PA 18444

Lake Of The Pines Community Association
PO BOX 305
Gouldsboro, PA 18424-0305

Pennynac Holdings, LLC
Joshua I Goldman Esq.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1541

Lisa J Rase
Shapiro & DeNardo LLC
3600 Horizon Drive, Suite 150
King of Prussia, PA 19406-4702

Pennymac Loan Services, LLC
6101 Condor Drive, Suite 310
Moorpark, CA 93021-2602